**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Francisco Cervantes, et al., | NO. C 08-03817 JW |
| Plaintiffs, <br> v. <br> Liu Cheng, Inc., dba Mandarin Gourmet, et al., <br> Defendants. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Francisco Cervantes, Jose Lopez, Ramon Ramos, and Jorge Lopez (collectively, "Plaintiffs") bring this action against Liu Cheng, Inc. dba Mandarin Gourmet ("Mandarin"), Cheng Li Chin ("Chin"), Lin Jean ("Jean") and Liu Hai Ping ("Ping") (collectively, "Defendants"), alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and related state law claims. Plaintiffs allege that Defendants failed to adequately compensate them while employed by Defendants.

Presently before the Court is Defendants' Motion to Dismiss.[1] The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Dismiss.

---

[1] (Defendants' Motion (1) to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(6), and (2) For a More Definite Statement Pursuant to F.R.C.P. Rule 12(e), hereafter, "Motion," Docket Item. No. 15.)

## II. BACKGROUND

In a First Amended Complaint filed on January 18, 2009, Plaintiffs allege as follows:

Plaintiffs were employed at all relevant times by Defendant Mandarin Gourmet, a restaurant doing business in San Jose, California. (First Amended Complaint ¶ 10, hereafter, "Complaint," Docket Item No. 12.) In addition, Defendants Chin, Jean, and Ping had control over Plaintiffs' work conditions and situations at all relevant times. (Id. ¶ 9.)

During the course of their employment at Mandarin Gourmet, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week. (Complaint ¶ 12.) Plaintiffs were not compensated the required one and one half of regular rate for the overtime hours worked. (Id. ¶ 13.) Defendant Mandarin also did not provide meal and rest breaks for the hours worked and failed to pay wages owed at the time of Plaintiffs' termination. (Id. ¶¶ 34, 40.) Defendants gained an unfair business advantage over other employers and businesses with whom Defendants were in competition with by failing to comply with the FLSA and California labor laws. (Id. ¶ 47.) Additionally, during the course of Plaintiffs' employment, Defendant Mandarin failed to provide adequate pay statements. (Id. ¶ 54.) Plaintiffs were not "exempt" employees during times relevant to these causes of action. (Id. ¶¶ 14, 15.)

On the basis of the allegations outlined above, Plaintiffs allege six causes of action: (1) Failure to pay overtime wages in violation of California Labor Code § 510; (2) Failure to properly pay overtime wages in violation of the FLSA; (3) Failure to provide meal breaks in violation of California Labor Code § 226.7; (4) Failure to pay wages owed at an employee's termination in violation of California Labor Code § 201; (5) Restitution of unpaid wages in violation of California Business and Professions Code § 17203; (6) Failure to provide adequate pay statements in violation of California Labor Code § 226.

Presently before the Court is Defendants' Motion to Dismiss.

2

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its facee." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### IV. DISCUSSION

Defendants move to dismiss on the grounds, *inter alia*, that the Complaint fails to: (1) adequately plead an FLSA claim and (2) distinguish between the defendants. (Motion at 2.) The Court considers the FLSA issue first since it may be dispositive.

**A.  Failure to State an FLSA Claim**

Defendants contend that Plaintiffs have not alleged two essential elements to an FLSA claim: (1) that Mandarin was an enterprise that engaged in interstate commerce; and (2) that it had an annual gross volume of sales made or business done that was not less than $500,000. (Motion at 7.)

To state a claim under the FLSA, a plaintiff must allege that the offending business meets the statutory definition of an "enterprise engaged in commerce." 29 U.S.C. § 203(s)(1); see Jiang v. Lee's Happy House, 07-03606 RS, 2007 WL 3105087, at *3 (N.D. Cal. Oct. 23, 2007). The FLSA

3

defines an "enterprise engaged in commerce" as (1) having employees engaged in commerce or in the production of goods for commerce and (2) having an annual gross volume of sales no less than $500,000. 29 U.S.C. § 203(s)(1)(A). For the purposes of the FLSA, commerce means "trade, commerce, transportation, transmission, or communication" among the several states. 29 U.S.C. § 203(b). In <u>Jiang</u>, the court dismissed the complaint without prejudice on the grounds that the plaintiff failed to allege that the defendant's enterprise was engaged in commerce within the meaning of the FLSA or met the $500,000 gross volume of sales requirement. See <u>Jiang</u>, 2007 WL 3105087, at *3.

This case is strikingly similar to <u>Jiang</u>.[2] As in <u>Jiang</u>, Plaintiffs fail to allege that Mandarin Gourmet is an enterprise engaged in commerce within the statutory definition described in 29 U.S.C. § 203. Additionally, Plaintiffs failed to allege Mandarin Gourmet had an annual volume in sales of at least $500,000. Since the Complaint does not allege these two elements, it fails to properly state an FLSA claim. Plaintiffs admit to these pleading deficiencies and seek leave to amend the Complaint. (Plaintiffs' Opposition to Motion to Dismiss and Motion for More Definite Statements at 3, Docket Item No. 21.)

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' FLSA claim with leave to amend.

**B.    <u>Supplemental Jurisdiction</u>**

Federal courts do not have original jurisdiction over state law claims. <u>Hunter v. United Van Lines</u>, 746 F.2d 635, 649 (9th Cir. 1984). However, district courts may exercise supplemental jurisdiction over state claims when: (1) the court has established its original jurisdiction over at least one claim, and (2) the federal and state claims "are so related . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Thus, since supplemental jurisdiction is derivative, a court should not exercise supplemental jurisdiction until after it has independently acquired jurisdiction over a federal cause of action. <u>Hunter</u>, 746 F.2d at 649.

---

[2] The Court notes that Plaintiffs' counsel also represented the plaintiff in <u>Jiang</u>.

4

Here, Plaintiffs have failed to adequately plead an FLSA claim. Since Plaintiffs' FLSA claim is the only basis for the Court's jurisdiction, the Court does not have jurisdiction over Plaintiffs' state law claims until such time as Plaintiffs have cured the deficiencies of their FLSA claim.

### V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss without prejudice. The hearing scheduled for March 16, 2009 is VACATED. On or before **March 23, 2009**, Plaintiffs shall file and serve an Amended Complaint consistent with this Order. Failure to file an Amended Complaint within the time permitted will be deemed sufficient grounds for dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: March 12, 2009

JAMES WARE
United States District Judge

5


**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Wang waqw@sbcglobal.net
Charles Hyunchul Jung cjung@nassiri-jung.com
Kassra Powell Nassiri knassiri@nassiri-jung.com

**Dated: March 12, 2009**               **Richard W. Wieking, Clerk**

                                        **By:    /s/ JW Chambers**
                                        **Elizabeth Garcia**
                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California